13-240-cv
*Moore v. T-Mobile USA, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY
> PETER W. HALL,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TEDDY MOORE,

> *Plaintiff-Appellant*

-v.-                                                                 No. 13-240-cv

T-MOBILE USA INC.,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          Teddy Moore, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE:**          Daniel B. Rapport and Jason C. Rubinstein, Friedman Kaplan Seiler & Adelman LLP, New York, NY.

Appeal from the judgment, entered January 9, 2013, of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Teddy Moore, proceeding *pro se*, appeals the District Court's judgment granting defendant-appellee T-Mobile USA Inc.'s motion for summary judgment with respect to whether his claims, made pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, were subject to mandatory arbitration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

With respect to the District Court's September 2012 order granting summary judgment, this Court reviews orders granting summary judgment *de novo* and focuses on whether the District Court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The Court is required to resolve all ambiguities and draw all inferences in favor of the non-movant. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). With respect to the District Court's January 2013 order denying reconsideration, this Court reviews the grant or denial of a Rule 60(b) motion for abuse of discretion. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). A district court abuses its discretion when its decision rests on an error of law or a clearly erroneous factual finding, or cannot be found within the range of permissible decisions. *See id.*

Here, an independent review of the record and relevant case law reveals that the District Court did not err in determining that: (1) it had jurisdiction over Moore's claims; (2) an agreement to arbitrate existed and encompassed Moore's claims; and (3) T-Mobile's counsel was not subject to sanction, removal, or contempt. We therefore affirm for substantially the same reasons cited in the District Court's September 2012 and January 2013 orders.

With respect to Moore's argument that the District Judge should have recused herself, there is no suggestion that he ever moved for recusal. Moreover, Moore's allegations of bias stem primarily from his disagreement with the District Court's rulings. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and there is no evidence of bias that would cause this case to be excepted from the application of that rule.

With respect to plaintiff's argument that the contract requiring arbitration was not enforceable because it was "unilateral," nothing in the service agreement between Moore and T-Mobile required a signature of one of T-Mobile's agents in order to render the agreement valid and, in any event, Moore has not disputed the fact that T-Mobile provided him with wireless service on its network pursuant to its agreement with him. *Cf. Flores v. Lower E. Side Serv. Ctr.*, 4 N.Y.3d 363, 369 (2005) ("[A]n unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound."). Similarly, nothing in the agreement limited the

2

applicability of the arbitration clause—broadly worded to include all claims "in any way related to or concerning" the agreement between the parties—to a one-year term, or to the duration of the time during which T-Mobile provided Moore with wireless service. We therefore reject Moore's claim that the clause is so limited, especially in light of this Court's determination that doubts about the scope of an arbitration clause should be resolved in favor of arbitration. *See Denney v. BDO Seidman, L.L.P.*, 412 F.3d 58, 68–69 (2d Cir. 2005).

Finally, there is no merit to Moore's argument that the District Court should have sanctioned and disqualified counsel because T-Mobile procured the dismissal of his claims through fraud. Moore has adduced no evidence that, in exercising its legal right to move to compel arbitration, T-Mobile perpetrated a fraud upon the Court. As Moore's allegations are entirely unsubstantiated, we decline to grant him relief on this basis.

We have considered all of plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court, entered January 9, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court